UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CASE NO. 1:10-CR-00052 |
| Plaintiff, : | |
| : | |
| v. : | OPINION & ORDER |
| : | [Resolving Doc. No. 19] |
| KENRICK INGLANTON, : | |
| : | |
| Defendant. : | |
| : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Kenrick Inglanton moves *pro se* for a reduction of his 24-month prison sentence for his passport fraud and aggravated identity theft convictions. Inglanton argues that a set of amendments to the United States Sentencing Guidelines, effective November 1, 2010, should apply to reduce his sentence. [Doc. 19.]

On February 2, 2010, a Grand Jury indicted Inglanton on three counts: (1) falsely representing himself to be a United States citizen, in violation of 18 U.S.C. § 911; (2) passport fraud, in violation of 18 U.S.C. § 1542; and (3) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). [Doc. 4.] Inglanton pled guilty to the passport fraud and aggravated identity theft charges. [Doc. 13.] On June 2, 2010, this Court sentenced Inglanton to 0 months imprisonment on the passport fraud charge, and 24 months imprisonment on the aggravated identity theft charge. [Doc. 16; Doc. 17.] At sentencing, the Court dismissed the first count of the indictment upon the government's motion. [Doc. 17.] The Court then remanded Inglanton to the custody of the United States Marshal to begin serving his sentence. [Doc. 17.]

Case No. 1:10-CR-00052
Gwin, J.

Inglanton now argues that in light of the November 1, 2010 amendments to the U.S. Sentencing Guidelines, the Court should reconsider Inglanton's sentence to account for his age, mental, emotional, and physical conditions, and cultural assimilation. [Doc. 19.] Inglanton argues that consideration of these factors should lead the Court to reduce his 24-month sentence. [Doc. 19.]

However, this Court is without jurisdiction to consider Inglanton's motion. First, "a sentencing judge loses jurisdiction over a prisoner once he has begun to serve his sentence." *Rodger v. White*, No. 89-5720, 1990 WL 95624, at *4 (6th Cir. July 11, 1990) (citing *United States v. Adams*, 362 F.2d 210, 211 (6th Cir. 1966) and *Stone v. United States*, 295 F.2d 241 (6th Cir. 1961)). Though a sentencing judge retains jurisdiction to correct an illegal sentence, *Rodger*, 1990 WL 95624 at *4, n. 4, Inglanton makes no argument that his sentence was illegally imposed.

And, though a court may also reduce a term of imprisonment "based on a sentencing range that has subsequently been lowered," 18 U.S.C. § 3582(c), Inglanton does not show that the applicable sentencing range for aggravated identity theft has been lowered. The November 1, 2010 amendments to the Sentencing Guidelines do not effect sentencing for aggravated identity theft, which carries a mandatory 24-month sentence. 18 U.S.C. § 1028A(a)(1); *see also* U.S.S.G. § 1B1.10, Application Note 1 (amendments to Sentencing Guidelines do not authorize sentence reduction where statutory provision sets a mandatory minimum term of imprisonment). This Court sentenced Inglanton to the minimum 0 months on his passport fraud charge and to the mandatory 24 months on his aggravated identity theft charge; the Sentencing Guidelines, even as amended, do not

Case No. 1:10-CR-00052
Gwin, J.

authorize reduction below those minimums.

      Accordingly, this Court **DENIES** Inglanton's motion for lack of jurisdiction.

      IT IS SO ORDERED.


Dated: March 1, 2011                        s/ *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE